## JOHNSON *v.* REDWINE.

1. The compromise of a doubtful claim is a sufficient consideration to support a promissory note fairly given in settlement of the controversy compromised.
2. In a suit upon a promissory note given for the purchase money of an undivided interest in land, a plea of want of consideration which alleges that the payee was a son-in-law of the maker and as heir of his deceased wife claimed an interest in the land in question, of which the maker was in possession under a

homestead sued out in right of his wife and minor children, which land was purchased with the money of the maker, and that the note sued on was given in settlement of this claim of the payee and to prevent a threatened suit for partition, even if otherwise sufficient, is incomplete as a defense to the action, because it does not allege, either that the maker took the title to the premises in his own name, or that the wife of the payee in fact held no resulting interest in the property covered by the homestead estate.

January 20, 1896.

Complaint on note.  Before Judge Van Epps.  City court of Atlanta.  March term, 1895.

Suit on a promissory note was brought by J. B. Redwine against G. A. Johnson as maker, J. A. J. Cook, C. T. Roan and W. J. Speairs as indorsers.  Plaintiff demurred to the plea and answer of Johnson as `insufficient in law; the demurrer was sustained, and Johnson excepted.  This plea denies liability, and sets up that the note was executed to Cook as the sole surviving heir of one of defendant's daughters with whom Cook had intermarried; that at the date set out, said note was executed and purported to be in settlement of an interest held by the payee in certain lands in the city of Atlanta, and to all of his interest the payee executed to defendant a quitclaim deed of his interest in said lands, and defendant made to said payee a note and mortgage thereon to secure the amount now sued on; that the note and mortgage purported to be as set out above, while in truth he had no interest in said lands, as they were purchased with moneys of defendant and set aside as a homestead of defendant's family, of which the wife of Cook was at the time one of defendant's minor children and depended on him for support; that defendant still has a wife and minor child dependent upon him for support, and such was true at the time of the making of the note sued on; that he was induced to make said note and mortgage under threats of suit for division, the payee at the time knowing that he had no right, "and the statements herein set out were well

8

known, the plaintiff being the transferee of said note and mortgage and was put on notice of the equities existing, so was not an innocent party of defendant's rights thereunder, that all of the facts set out are of record in the offices of the court of ordinary and clerk of superior court in and for said county and State aforesaid;" and that, the note being without consideration, plaintiff ought not to recover.

*M. Foote, Jr.,* for plaintiff in error.
*James L. Key,* contra.

ATKINSON, Justice.

1. The proposition announced in the first head-note requires no elaboration; it is a restatement of elementary law. See 1 Addison on Contracts, p. 29, §14.

2. The plea of the defendant was properly stricken on demurrer. It was a plea that the promissory note sued on was without consideration. It alleged that the payee, as an heir at law of his deceased wife, who was a daughter of the maker, claimed an interest in certain lands which he (the maker of the note) had caused to be set apart as a homestead which was sued out in right of his wife and children; that the land so set apart was bought with his money, and that the note was given in settlement of the supposed right of the payee and to prevent the execution of a threat he had made to proceed for partition. There was no allegation that the title was taken in his name, or that the deceased daughter did not have a resulting interest. So that if the plea could be treated as alleging that the contract was entered into by the maker under a mistake as to the rights of the payee, leaving no consideration, legal or moral, to support the contract of compromise, it is wholly defective in the two respects above indicated. For if the daughter really had a resulting interest, or the title was taken originally in the name of the maker's wife and children (and this we must presume in the absence of an allegation to the contrary), then there was ample consideration

to support the agreement to compromise, and as well the promissory note made in the further execution of that contract. We conclude, therefore, that the plea interposed no legal obstacle to a recovery by the plaintiff, and the court did not err in striking it upon demurrer.

*Judgment affirmed.*