## 1245.   GOLDING *v.* McCALL.

1. A note made by a widow to a creditor of the deceased husband's estate, in which she promised to pay the creditor's debt, provided the estate should fail to pay it, the consideration for the note being the withdrawal by the creditor of objections filed by him to the allowance of a year's support to her out of the estate, is, in the absence of fraud, a valid contract. And when the creditor to whom the note was made payable failed, by reason of the insolvency of the estate, to collect therefrom the amount of his debt, the contingency of the widow's liability on the note was determined.

2. Where the administrator of an estate advanced to a creditor of the estate the amount of his debt, and contemporaneously took from the creditor a written obligation to refund to the administrator, on the final settlement of the estate, the amount so advanced, the advance was not a payment by the administrator of the debt of the creditor against the estate, but was simply a loan made by the administrator to the creditor, to be refunded by the latter to the former on final

settlement of the estate. Where the creditor is sued by the representative of the estate on his written obligation to repay the amount so loaned to him by the administrator, he can not set off his debt against the estate, as against the loan.

3. Where a widow makes her note to a creditor of her husband's estate, conditioned to pay whatever amount of his debt the creditor may fail to collect out of the estate, in consideration of the withdrawal by the creditor of objections filed by him to the allowance of a year's support for her and her minor children out of the estate, she is not released from the payment of her note according to its terms, by the acceptance by the creditor of his pro-rata share of a fund realized by a settlement made by the creditors of the estate, under the approval of the ordinary, with the surety on the bond of the administrator of the estate. The acceptance of his pro-rata share of this sum by the creditor does not increase the widow's risk on her note, but decreases the amount of her ultimate liability thereon.

Appeal, from Brooks superior court—Judge Mitchell. June 1, 1908.

Argued July 17, 1908.—Decided February 9, 1909.

Fuller Groover and J. H. McCall brought suit against Mrs. Georgia V. P. Golding, as maker of a note, dated December 14, 1894, and payable twelve months after date, promising to pay them $250 and interest at 8 per cent., "provided the estate of W. T. Golding, deceased, should fail to pay to the said Fuller Groover and J. H. McCall the amounts in full to date due by said estate to each one of them." The circumstances under which the note was given were as follows: Mrs. Golding, the maker, was the widow of W. T. Golding, and had applied for twelve months' support, to be set aside out of her husband's estate for herself and her minor children. The commissioners, in their return, allowed her for this purpose $1,500. Fuller Groover and J. H. McCall were both creditors of the estate of W. T. Golding. There were many other creditors of the estate. Groover and McCall filed objections to the year's support allowed to the widow and the minor children, but, in consideration of this note, withdrew their objections to the allowance. It was admitted that Groover was paid in full his debt against the estate of W. T. Golding, by the administrator, and it also appears that on November 27, 1894, the administrator paid to McCall $481.31, the total amount of indebtedness of the estate to him, whereupon McCall gave to the administrator the following writing: "Quitman, Ga., Nov. 27, 1894. Due J. D. Wade Jr., administrator of W. T. Golding, deceased, $481.31,

to be paid when the estate is wound up, without interest to either party. [Signed] J. H. McCall." In the settlement of the adminis- trator's accounts, the ordinary allowed the receipt for this pay- ment, as a voucher. Subsequently a receiver was appointed for the assets of W. T. Golding's estate, and brought suit on the above- stated writing given by McCall to the administrator, and this suit was settled by McCall agreeing to pay to the receiver $225, a part of the settlement being that McCall should retain the balance of the $481.31 represented by his due bill, as his share of money paid to the ordinary, for the use of the creditors of Golding's estate, by one of the sureties on the bond of the administrator; and it also appeared that of this $225 McCall had only paid $50. The creditors of Golding's estate had brought suit against the adminis- trator, on the administrator's bond for $5,000, and the suit was settled by the payment of $2,500 by one of the sureties to the ordinary, for the use of the creditors of the estate, this payment being in full settlement of the liability of the surety on the ad- ministrator's bond; and the sum thus paid was distributed to the creditors of the estate. McCall did not at that time receive any part of this sum on his claim against the estate, but, as above stated, was subsequently allowed to retain a portion of the amount covered by the due bill which he had given to the administrator, as his pro-rata share of the sum received by the creditors from the surety of the administraton. The foregoing is a substantial state- ment of the facts. The case was submitted to the court without the intervention of a jury, and the judge found in favor of the plaintiff McCall, and rendered judgment for $125 principal (half of the principal of the note sued on), $134 interest to date of judgment, and eight per cent. interest on the $125 from date of judgment. The defendant filed a motion for a new trial on the general grounds, which was overruled, and she excepted. The de- fenses relied upon in the court below and insisted upon in this court are as follows: (1) That the consideration of the note sued upon was not valid, because it was a fraud upon other creditors of the estate of W. T. Golding, and because a note based on such consideration is against public policy. (2) That when the note was given, the estate of W. T. Golding did not owe J. H. McCall anything, and therefore the note was without consideration at the time it was given. (3) That J. H. McCall is estopped from claim-

ing that the estate of W. T. Golding is indebted to him anything, because in his sworn plea in the case brought by the receiver of the assets of the estate of W. T. Golding against him on his due bill for $481.31, he made a solemn admission in judicio that he had been paid in full by the administrator of W. T. Golding; and his receipt given to the administrator had been received by the ordinary as a voucher in behalf of the administrator. (4) That the failure of J. H. McCall to prove his account against the estate, and relying upon the payment made to him by the administrator as a settlement of his claim against the estate of W. T. Golding, increased the risk of the defendant, Mrs. Golding, on her contract to pay the debt of the estate provided it was not paid out of the estate, and she was therefore released from her liability on the note. (5) That the acceptance by McCall of his pro-rata share of the amount realized from a settlement made with the surety on the administrator's bond on the estate of W. T. Golding, and the release of the surety from any further liability, increased the risk of the defendant on her note, as guarantor of the payment of the debt of J. H. McCall by the estate of W. T. Golding, and that therefore this act of McCall as one of the creditors of the estate of W. T. Golding discharged her from any further liability on the note. (6) That as J. H. McCall had only paid $50 to the estate of W. T. Golding on his due bill for $225, made to the receiver of the assets of the estate, it would be inequitable for him to be paid the amount of the note until he had fully paid back to the estate the amount which he had agreed to pay to the receiver.

*L. W. Branch,* for plaintiff in error.

*J. G. & J. F. McCall,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. The withdrawal, by the two creditors of the husband's estate, of the objections filed to the allowance of the year's support to the widow and her minor children constituted a valid consideration for the note made by the widow. Generally "a consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." Civil Code, § 3657. It was a benefit to the widow for the two creditors of her husband's estate to withdraw objections made to her allowance for a year's support. While an allowance for year's support was prior in dignity to the debts against the estate, yet it is not improbable that

the amount of the allowance might have been reduced if these objections had been insisted on. Certainly the widow would have been put to some expense in maintaining the amount of the allowance. The creditors of the estate had a legal right to contest the allowance of the year's support, and their forbearance to do so was a surrender of a legal right for the benefit of the widow. "A waiver of a legal right is a sufficient consideration for a promise made on account of the waiver," and "forbearance of legal proceedings by a person entitled to sue is a valid consideration for a promise, and this is true although the promisor might have prevailed in the suit." 5 Lawson's Rights and Remedies, §2253; 1 Addison on Contracts, §14; *Johnson* v. *Redwine,* 98 *Ga.* 112 (25 S. E. 924). The contention that the agreement of the creditors to withdraw their objections to the allowance of the year's support, in consideration of the note made to them by the widow, was a fraud on the other creditors of the husband's estate, and was against public policy, we do not think well founded. This is not a case where a debtor insolvent or in failing circumstances makes a secret arrangement with one creditor in fraud of other creditors. It is a case where two creditors of a common debtor make an adjustment of their respective claims against the debtor. This is a matter that can not affect the rights of any of the creditors except those who are parties to the agreement. We do not see any legal reason why one creditor of a common debtor could not reduce his claim, or even surrender it entirely, for the benefit of another creditor. There is no allegation of fraud in the procurement of the note. The widow thought that the withdrawal of the objections filed to the allowance of her year's support was worth paying for and would accrue to her benefit. She therefore bought off, by her conditional note, the two creditors of her husband's estate who were contesting the allowance to her of the year's support. The law will not relieve her of her contract, freely and voluntarily made, by which she received some benefit.

2. It is contended by plaintiff in error that at the time she gave her note, it was without consideration, because the payee, McCall, was not then a creditor of her husband's estate, he having been paid in full by the administrator. This contention is not supported by the evidence. The payment to McCall of $481.31 by the administrator was not in fact a payment, but only an advance

or loan by the administrator on the debt held by McCall. The latter gave his due bill for it, and was subsequently compelled to repay to the receiver of the assets of the estate $225 of the amount advanced or loaned to him by the administrator. His receipt to the administrator, although allowed as a voucher, was not conclusive, and, in the light of the facts, was in fact not the truth. When McCall was sued by the receiver on his due bill to the administrator and compelled to pay back $225 of the $481.31 which had been advanced to him by the administrator on his debt against the estate, this left the estate indebted to him for this amount of $225. There is no evidence that this amount could have been collected out of the estate of W. T. Golding; on the contrary the evidence shows that the estate was insolvent; hence the very contingency arose which was the condition of liability expressed in her note. We do not see why plaintiff in error was not liable on her note for the full sum of $225. But the learned judge (trying the case without the intervention of a jury) found against her only one half of her note, or $100 less than she had agreed to pay.

3. The fact that the creditors of the estate of W. T. Golding settled with the surety on the administrator's bond did not increase the defendant's risk on the note to McCall. On the contrary, it diminished the amount of her ultimate liability, as it left that much less for her to pay. There is no evidence that the whole indebtedness of the estate could have been made out of the surety; and, in view of the settlement, authorized by the court, it is fair to presume that it could not. The agreement made with the receiver, that McCall should retain, out of the sum of $481.31 advanced to him by the administrator, his pro-rata share of the amount paid to the ordinary for the use of the creditors, was also for the benefit of the defendant, as it decreased the amount of her ultimate liability on her note.

The fact that McCall has not paid to the receiver the $225, which he agreed to pay in settlement of the suit against him on his due bill for $481.31, can not be set up in this suit as a reason why the defendant should not comply with her contract. It is true that he has only paid $50 of this $225, but he has given his written obligation to pay the whole amount; and there is no allegation or evidence that he is not solvent, or that the balance of the $225 is not collectible.        *Judgment affirmed.*