## McGARITY v. SIMPSON.

ATKINSON, J. 1. Where two persons residing in different counties, claiming equities in separate parcels of land which they severally have conveyed to others as security for individual debts, enter into an executory contract for the exchange of such lands, each person to pay off his individual debt, and a junior judgment creditor of one of them institutes an equitable action against both, to cancel the executory contract as a cloud upon title, and for the appointment of a receiver for the property of the defendant in fi. fa., and other relief, such suit involves substantial equitable relief against both parties to the executory contract, and may be brought in the county of the residence of either of them.

2. If a wife advances money to her husband which is used by him in paying the purchase-price of land conveyed to him by a third person and in making improvements thereon, and the wife subsequently sues the husband for the amount of money so advanced and obtains a judgment against him, her election thus exercised to treat the obligation of her husband as a debt will bar her from setting up an equitable interest in the land on the basis of an implied trust, or upon the basis of having purchased from her husband, with the money, an interest in the land. *Glynn County* v. *Day*, 128 *Ga.* 156 (57 ·S. E. 359).

3. It was sought to have a receiver appointed for the property of the defendant in fi. fa., and to cancel the executory agreement of exchange of land entered into before rendition of the judgment, on the ground that it was a collusive arrangement to avoid payment of plaintiff's

debt. There was no evidence to authorize a finding that the agreement was made for such purpose.

4. It was erroneous to appoint a receiver.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 670. MAY 17, 1918.

Receivership, etc. Before Judge Bartlett. Polk superior court. August 28, 1917.

*W. W. Mundy,* for plaintiff in error.

*Irwin & Tison* and *Bunn & Trawick,* contra.