MITCHELL *v.* LANGLEY.

The following instruction was not authorized by the evidence, and was harmful error requiring a new trial: "If you believe further that at the time of the making of the deed in 1907, if such a deed was made, if you believe from the evidence that such deed was made for the purpose of hindering, delaying, or defrauding creditors of the defendant, Mrs. Cora Mitchell, and that such intent was known to the claimant C. H. Mitchell, in that event you would be authorized to find the property subject to the executions."

No. 637.   JULY 10, 1918.

Claim.   Before Judge Smith.   Rockdale superior court.   August 29, 1917.

*Alonzo Field* and *J. H. McCalla,* for plaintiff in error.

*J. R. Irwin* and *Rogers & Knox,* contra.

HILL, J. This is a claim case. A statement of the case wherein a judgment was rendered which is the foundation of the fi. fas. levied will be found in *Mitchell* v. *Langley*, 143 *Ga.* 827 (85 S. E. 1050, L. R. A. 1916C, 1134, Ann. Cas. 1917A, 469). The fi. fas. were levied on a certain house and lot in the town of Conyers, and the claimant, C. H. Mitchell, who is the husband of Mrs. Cora G. Mitchell, the defendant in fi. fa., filed a claim thereto. The jury, on the trial of the case, under the charge of the court, returned a verdict in favor of the plaintiff in fi. fa. A motion for a new trial being overruled, the claimant excepted.

On the trial the evidence for the plaintiff in fi. fa. showed that at the time of the levy the defendant in fi. fa. and the claimant, her husband, were living on the property, together with their two children. The defendant in fi. fa. and her husband, the claimant, testified to substantially the same facts; and as far as material, the testimony was as follows: The defendant in fi. fa. made a voluntary deed to the property in controversy to the claimant in 1907. It "was written by Judge Helms," and was witnessed by John T. Almand, justice of the peace, both of whom are dead. There was an affidavit on this deed. The consideration was "love and affection." The claimant did not know anything about the execution of the deed "until it was all fixed," and the defendant in fi. fa. gave it to the claimant. This was all the property the defendant in fi. fa. had. The deed was not recorded, and was "misplaced among the bank papers, or at home, somewhere or other." The claimant gave in the property for taxation as his own, and paid taxes on it since 1907. The claimant added two rooms and a reception hall and new porches to the house, and paid for them. The claimant had some property, but no real estate, before his wife gave him the deed to the property in 1907. Claimant had not seen the deed of 1907 since 1910. Another, or "copy" deed, was executed by the defendant in fi. fa., in lieu of the lost deed to the claimant to the property levied on, November 20, 1915. This last deed was "made freely and voluntarily." The judgments which were the foundation of the fi. fas. were rendered on Nov. 18, 1913, and the fi. fas. were issued Sept. 25, 1915. There is no evidence in the record to show that in 1907, the date of the first alleged deed, the defendant in fi. fa. had any creditors, or that the defendant took the deed with such knowledge. It was therefore error, harmful to the claimant, to charge the jury as follows: "If

you believe further that at the time of the making of the deed in 1907, if such a deed was made, if you believe that such deed was made for the purpose of hindering, delaying, or defrauding creditors of the defendant, Mrs. Cora Mitchell, and that such intent was known to the claimant, C. H. Mitchell, in that event you would be authorized to find the property subject to the executions." Section 3224 of the Civil Code declares: "Every conveyance of real or personal estate, by writing or otherwise, . . had or made with intention to delay or defraud creditors, and such intention known to the party taking," shall be fraudulent in law against creditors and others, and as to them is void. The above section clearly refers to *creditors at the time of the conveyance.* The plaintiffs in fi. fa. were not creditors in 1907, and only became so in 1911, the date of a letter written by the defendant in fi. fa. to her brother, which is the foundation of the suit—the basis of the fi. fas. in this case. See *Mitchell* v. *Langley,* supra. Nor is there any evidence in the record that in 1907 the defendant in fi. fa. had an actual intention to convey the land for the purpose of defrauding the plaintiffs in fi. fa. Therefore the charge of the court was not authorized by the evidence, and was calculated to mislead and confuse the jury, and was harmful error requiring a new trial. *First Nat. Bank* v. *Bayless,* 96 *Ga.* 684 (23 S. E. 851); *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2), 5 (76 S. E. 387, Ann. Cas. 1914A, 880). As the case goes back for a new trial, we express no opinion as to the sufficiency of the evidence to support the verdict.

<div align="center">

*Judgment reversed. All the Justices concur.*