(No. 20602.—

GEORGE GLEZOS, Plaintiff in Error, *vs.* VASILIOS GLEZOS *et al.* Defendants in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 2, 1931.*

B. M. SHAFFNER, (CLERMONT L. HARRELL, of counsel,) for plaintiff in error.

LITZINGER, HEALY & REID, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, George Glezos, filed a bill of complaint in the superior court of Cook county by which he sought to have established a resulting trust in certain real estate in the city of Chicago. To reverse a decree of that court dismissing the bill for want of equity he has sued out a writ of error from this court.

Plaintiff in error filed his bill April 2, 1927, and alleged that on March 12, 1911, he gave to his brother, Vasilios Glezos, (herein referred to as defendant in error,) $2500

as part of the purchase price of a piece of real estate located at 814 West Polk street which defendant in error was going to buy and promised plaintiff in error that the title to the property would be taken in their names jointly; that defendant in error bought the property for $6500, paying only $2500 in cash and giving mortgages on the premises for the balance of the purchase price and took title to the property in his own name; that thereafter he claimed to be the sole owner of the property, and because of this claim he and plaintiff in error, who are brothers, had certain litigation about the $2500 which plaintiff in error had furnished to him, and that defendant in error conveyed the property to Christ Stergeos, who subsequently conveyed it to Gust Glezos, who was also a brother of plaintiff in error. Stergeos and Gust Glezos were made defendants to the bill of complaint, the prayer of which was that the deeds from defendant in error to Stergeos and from him to Gust Glezos be set aside and a resulting trust declared and established in the premises in favor of plaintiff in error. Separate answers were filed by all three of the defendants. In his answer defendant in error denied that he received $2500 from plaintiff in error on March 12, 1911, or at any other time. He admitted that he bought the property in question as alleged in the bill but denied that plaintiff in error furnished any part of the purchase price or that there was ever any promise made by him that plaintiff in error should be a joint owner of the premises. He alleged that plaintiff in error sued him at law to recover the $2500 which plaintiff in error claimed to have advanced to him and that said suit at law was settled by stipulation between the parties, he giving to plaintiff in error his note for $1000 in full settlement of all of plaintiff's claims and which note he afterwards paid to plaintiff in error. All three of the defendants to the bill relied by their answers on this last claim of defendant in error that he had com-

promised and settled with plaintiff in error, as heretofore stated. Plaintiff in error and Vasilios Glezos were the only active parties in the prosecution and defense of this suit, and for this reason, solely, we refer to Vasilios as defendant in error. After replications had been filed the cause was referred to a master in chancery, who made his report recommending to the court that the bill be dismissed for want of equity. Objections to the report were overruled by the master, to which ruling exceptions were taken by plaintiff in error, and the chancellor overruled the exceptions and entered a decree in accordance with the master's recommendation.

The testimony of plaintiff in error was substantially to the same effect as the allegations of the bill which we have heretofore set out. He admitted that he had sued defendant in error in the municipal court of Chicago to recover the $2500 which he claimed to have furnished him as part of the purchase price of the property in question. Other witnesses for plaintiff in error testified to having heard quarrels between plaintiff in error and defendant in error after the year 1911 and down to as late as 1917, in which plaintiff in error demanded that defendant in error pay him $2500 that he owed him. At least one of these witnesses stated that defendant in error acknowledged owing the $2500 and promised to pay it. The testimony of another witness for plaintiff in error, Athanogsèas Barajavolas, contained in a deposition, was to the effect that in March, 1911, he had a conversation with defendant in error during which he showed witness a roll of bills which he said contained $2500 that he had gotten from plaintiff in error for the purpose of buying some property located in the 800 block on West Polk street and that he was going to buy the property for plaintiff in error and himself.

Defendant in error denied having gotten $2500 from plaintiff in error at any time, and also denied that any money furnished by plaintiff in error was used in the purchase of

the property in question. He introduced other evidence which established the following facts: In March, 1918, plaintiff in error sued defendant in error in the municipal court of Chicago claiming that he owed him (plaintiff in error) $1000 borrowed in 1905 and $2580 borrowed between March and May, 1911. Defendant in error filed an affidavit of merits in that suit denying that plaintiff in error loaned him $2580 in the spring of 1911. This suit was settled by a stipulation between the parties that all matters in controversy between them had been "compromised and adjusted by the execution and delivery by defendant to plaintiff of defendant's note for $1000, * * * secured by trust deed on real estate in Cook county." The note mentioned in the stipulation was subsequently paid. In 1921 plaintiff in error sued defendant in error in the superior court of Cook county claiming $4000. Defendant in error filed the general issue and plea of release by virtue of the stipulation entered in the municipal court. A verdict was rendered in favor of plaintiff in error for $2500 and interest, and judgment thereon was entered in the sum of $3885.48. This judgment was reversed by the Appellate Court. A second trial resulted in another judgment for plaintiff in error, which was also reversed by the Appellate Court. After the recovery of the first judgment in the superior court plaintiff in error filed a creditor's bill in that court to set aside the deed from defendant in error to Stergeos to the property in question in order that the lien of his judgment might attach to said property.

It is a universally adopted principle of law that where a person has two or more remedies for the redress of a wrong or the enforcement of a right and these remedies are based upon inconsistent theories such person is put to an election, and when he has, with full knowledge of the facts, definitely chosen to pursue one remedy he will be bound by his election. (*Supreme Lodge Knights of Pythias*

v. *Hinsey,* 241 Ill. 384; *Sutton* v. *Miller,* 219 id. 462; *Garrett* v. *Farwell Co.* 199 id. 436; *Anderson* v. *Chicago Trust and Savings Bank,* 195 id. 341; 20 Corpus Juris, 5.) In the case first above cited this court said: "It is doubtless true that one who has been defrauded by the use of his funds for the unauthorized purchase of property may insist upon taking the property if he regards that course for his benefit, or he may disclaim title and seek other remedies. He may proceed against the property substituted for the fund but cannot insist upon inconsistent or repugnant rights, and if he has once made an election he will be bound by it." Where a wife advanced money to a husband which was used by him to buy and improve land and the wife subsequently sued the husband for the amount of money so advanced and recovered judgment against him, her election thus exercised to treat the obligation of her husband as a debt was held to bar her from setting up an equitable interest in the land on the basis of a resulting trust. *McGarity* v. *Simpson,* 148 Ga. 146, 95 S. E. 968.

Plaintiff in error, as a witness, admitted that he sued defendant in error in the municipal court of Chicago for the $2500 which he claims to have advanced as part of the purchase price of the property in question. The evidence showed that that suit was settled between the parties and that defendant in error in settlement gave plaintiff in error his note for $1000, which was subsequently paid. In the subsequent litigation in the superior court of Cook county plaintiff in error contended that the alleged settlement was invalid and in that court recovered judgment for the $2500, with interest. When he instituted and prosecuted these suits he had full knowledge of all the facts concerning the transaction between him and defendant in error, and there is no basis for saying that his action did not constitute an election to treat the $2500 as a debt due him. Having elected to treat the $2500 advanced as a loan from himself to defendant in error he cannot now be heard to

say that it was not a loan and that he is the owner of an equitable interest in the property purchased, by reason of a resulting trust.

The decree of the superior court is affirmed.

*Decree affirmed.*