23286. MADDOX *v.* GORMLEY, superintendent of banks.

SUTTON, J. A married woman owned several parcels of real estate, and, in order to secure a debt of her husband, executed a note for $2,000 in favor of a bank and secured the same with a deed to a parcel of such realty; and thereafter, on the maturity of the note and failure of the husband to pay the same, the grantee bank exercised the power of sale contained in the deed and advertised the property for sale. Thereupon the husband and the wife entered into a written agreement with the grantee that in consideration of the postponement of such sale, in order to enable the wife to have the land covered by the security deed and

other lands of hers auctioned off, from the proceeds of which the above note would be paid, the wife gave to the grantee a lien on other described lands owned by her as additional security for the debt of her husband. The auction sale did not take place, and the· grantee foreclosed the security deed under the power of sale, and the 'property was sold for $500, which sum was credited on the note. The grantee bank was taken over by the superintendent of banks for liquidation, and he brought suit against the wife for the balance due on the note, setting up that by reason of the above contract he was entitled to a judgment creating a special lien on the land described therein. The wife defended on the ground that the debt was that of her husband and that she signed as surety only, and that this was known to the grantee bank. The court rendered judgment against the defendant. She moved for a new trial, the motion was overruled, and to this judgment she excepted. *Held:*

1. Any contract of the wife to which a creditor of the husband is a party, the purpose of which is to make the wife the husband's surety or by which she assumes the payment of her husband's indebtedness, is invalid and can not be enforced against her. *Sims* v. *Scheussler,* 2 *Ga. App.* 466, 468 (58 S. E. 693), and cit.; Civil Code (1910), § 3007.

2. The original note and the security deed were void as to the plaintiff, the same being given to secure her husband's indebtedness. The fact that the wife, in order to prevent a foreclosure of this security deed, entered into a written contract with the creditor, giving it a lien on other lands of hers as additional security for this indebtedness, did not vitalize the first note and security deed, nor did it render the second transaction valid, the consideration therefor being the same as the consideration for the first note and security deed. *Carlton* v. *Moultrie Banking Co.,* 170 *Ga.* 185 (152 S. E. 215) ; *First National Bank* v. *Bayless,* 96 *Ga.* 684 (2) (23 S. E. 851) ; *Mickleberry* v. *O'Neal,* 98 *Ga.* 42 (3) (25 S. E. 933) ; *Rountree* v. *Rentfroe,* 139 *Ga.* 290, 292 (77 S. E. 23).

3. It follows that the court erred in overruling plaintiff's motion for a new trial. *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 19, 1934.

*Alvin L. Richards,* for plaintiff in error.
*C. N. Davis, J. F. Kemp, A. O. Randall,* contra.