## 23402. MADDOX v. GORMLEY, superintendent of banks.

DECIDED SEPTEMBER 29, 1934.

*Alvin L. Richards,* for plaintiff in error.
*C. N. Davie, J. F. Kemp, A. O. Randall,* contra.

GUERRY, J. Irrespective of whether a wife is or is not jointly liable with her husband on a note secured by a deed to secure debt,

the wife, after advertisement by the grantee under the power of sale, of the property described, will be bound by a contract, made by her in consideration of a postponement of the sale, to pay the grantee costs incurred by him in the prosecution of the foreclosure, for the reason that there is a detriment suffered by the grantor, to wit, the withdrawal and postponement of the foreclosure and the extension of time, which is sufficient to furnish a consideration for such a contract. *Thornton* v. *Lemon,* 114 *Ga.* 155 (39 S. E. 943).

Such an agreement may not "vitalize" the original note and deed (see *Maddox* v. *Gormley,* 49 *Ga. App.* 526; *Baxter* v. *Bank of Grantville,* 48 *Ga. App.* 458, 172 S. E. 810), but is, under the decision in the *Thornton* case, supra, a valid and enforceable contract, and the court did not err in rendering a verdict thereon. *Johnson* v. *Redwine,* 98 *Ga.* 112 (25 S. E. 924); *Golding* v. *McCall,* 5 *Ga. App.* 545 (63 S. E. 706). A joint note signed by husband and wife is prima facie binding on both parties as principals. A judgment rendered in a suit on such note is binding on the wife and she may not, after judgment, attack it on the ground that she was merely surety for her husband. *Wingfield* v. *Rhea,* 73 *Ga.* 477; *Garrett* v. *Thornton,* 157 *Ga.* 487 (121 S. E. 820). The original note and the security deed in the present case were executed jointly by the husband and the wife. Such a note, signed by the wife, is not, although she signed it as surety, absolutely void; it is merely voidable at her option. Such a plea is personal. *Palmer* v. *Smith,* 88 *Ga.* 84 (13 S. E. 956); *Baxter* v. *Bank of Grantville,* supra, and cit. In *Jones* v. *Harrell,* 110 *Ga.* 373, 376, (35 S. E. 690), Chief Justice Simmons said: "The assumption by a wife of her husband's debt is not immoral, nor prohibited by statute, nor, as far as we have been able to ascertain from an investigation of our reports, against public policy." A separate agreement by the wife to pay costs and attorney's fees, made without raising the question of suretyship, on the consideration of withdrawing the property from sale under the power should be enforced.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. The wife was merely a surety for her husband on the principal indebtedness. *Maddox* v. *Gormley,* 49 *Ga. App.* 526 (supra). The uncontradicted evidence shows she was merely such. Because of the wife's disability (she can

not be surety for her husband), there was no legal right of recovery against her on her suretyship contract, and since whatever the parties may have thought or even she may have thought (being a mistake in law) would not make the controversy a real rather than a merely fictitious one, and since such a mistake on her part would in no event, in the absence of a judgment, preclude her rights, the plaintiff in this case should not be allowed to recover. "Even in the case of a family settlement, which equity highly favors, 'to furnish a sufficient consideration for such settlement, *the right of the party asserting such settlement must not be wholly without foundation,'* and there must be 'some right or show of right relinquished by the party seeking to enforce the agreement of settlement; and if *no right whatever exists, there can be no such consideration as will support the settlement.'* (Italics ours.) *Jones* v. *Robinson,* 172 *Ga.* 746, 757, 758 (158 S. E. 752). This rule, by the great weight of authority, applies to all compromises and settlements, so 'a person asserting a claim without any ground whatever on which to base it can not be said to have acted in good faith.' 'The compromise of an illegal claim out of which no cause of action can arise in favor of the person asserting it is not sufficient consideration to support the compromise agreement' (12 C. J. 327, 328, 332, 334) ; and 'an accord and satisfaction entered into and executed through mutual mistake of fact is not binding and may be rescinded,' and 'either party is entitled to rescind in case of a mutual mistake of law as to their respective rights' (1 C. J. 570), so that, in the case of a married woman, it has been held in this State that a mortgage 'given by [her] upon her own property in settlement of a debt of her husband is not binding upon her, although she may have given the mortgage *under the impression that the creditor holding this debt could for some reason subject the property in question to its payment, and intended by giving the mortgage to effect a compromise of what she regarded as a doubtful claim* against her property.' (Italics ours.) *First National Bank of Cartersville* v. *Bayless,* 96 *Ga.* 684 (2), 688 (23 S. E. 851)." *Baxter* v. *Bank of Grantville,* 48 *Ga. App.* 458, 462. Counsel for defendant in error rely upon the first headnote of *Thornton* v. *Lemon,* 114 *Ga.* 155 (supra), as follows : "A promissory note executed and delivered by a married woman for the purpose of settling a pending action against her husband and herself, wherein

the plaintiff alleged that both were liable, is binding upon her although in point of fact the debt declared upon was exclusively that of the husband. The consideration of such a note is not the husband's debt, but the settlement of the litigation." In *Baxter* v. *Bank of Grantville,* supra, Judge Jenkins, speaking for the court, dealt exhaustively with the suretyship of a married woman. He also discussed at length the ruling in the *Thornton* case, supra, and said: "An examination of the original record in connection with paragraph 2 of the decision shows not only that the parties to the settled suit bona fide believed that there was a real controversy, *but there was in fact such a controversy."* (Italics ours.)

The original note and the security deed being unenforceable as against the wife, and the plaintiff not being an innocent holder of the note for value, I do not think the proceeding under the power of sale against the property, which as against her property amounted to nothing and was without legal foundation, and the withdrawal of such proceeding, furnished any valid consideration for the note sued on. I think therefore that the judgment should be reversed. See *Ulman, Magill & Jordan Woolen Co.* v. *Magill,* 155 *Ga.* 555 (117 S. E. 657).