BAXTER v. GORMLEY, superintendent of banks, et al.

BELL, Justice. A married woman executed to a bank a note for a debt of her husband, pledging as security corporate stock, her individual property. The stock was later sold, and the proceeds applied as a partial payment. In a suit against her by the bank to recover the alleged balance, she pleaded as a defense, the assumption of her husband's debt, and by cross-action sought a common-law judgment for the amount of the partial payment. See Baxter v. Bank of Grantville, 48 Ga. App. 458 (172 S. E. 810). Pending this action the bank failed and went into the hands of the superintendent of banks as an insolvent institution. Thereafter a judgment was rendered in favor of the wife against the bank, as prayed in the cross-action. Subsequently she filed with the superintendent a claim for recognition as a preferred creditor, upon the ground that the assets of the bank should be impressed with a trust in her favor to the extent of the partial payment as liquidated by the judgment. This claim being refused by the superintendent, she instituted the present suit in equity to enforce the alleged trust. The court sustained a general demurrer, dismissed the action, and the plaintiff excepted. Held:

1. Whether or not the wife might have asserted a trust originally (O'Callaghan v. Bank of Eastman, 180 Ga. 812 (2), 180 S. E. 847), the prosecution of her cross-action at law to a judgment against the bank for the amount of the payment constituted an election to treat the bank as an ordinary debtor, and will bar her from claiming an equitable interest in the assets, upon the theory of a trust. Board of Education of Glynn County v. Day, 128 Ga. 156 (57 S. E. 359); McGarity v. Simpson, 148 Ga. 146 (2) (95 S. E. 968); Frederickson v. Nye, 110 Ohio St. 459 (144 N. E. 299, 35 A. L. R. 1163); 20 C. J. 41; 65 C. J. 979.

2. While the wife could not legalize the assumption of her husband's debt by ratification (Carlton v. Moultrie Banking Co., 170 Ga. 185 (2), 152 S. E. 215), she was capable in law of making an election of remedies. McCrory v. Grandy, 92 Ga. 319, 327 (18 S. E. 65); Nelms v. Keller, 103 Ga. 745 (30 S. E. 572).

3. The court did not err in sustaining the general demurrer and dismissing the petition.

Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.

No. 11391. NOVEMBER 25, 1936.
ADHERED TO ON REHEARING, DECEMBER 16, 1936.

Atkinson & Allen, for plaintiff.

Ellis G. Arnall, Stonewall H. Dyer, and A. H. Freeman, for defendants.