### FARMERS AND MERCHANTS BANK *v.* RIDDLE.

LITTLE, J.  The charge as a whole sufficiently and fairly submitted to the jury the issues involved, and the portions thereof to which exception is taken are not, when considered in connection with all the instructions given, erroneous or objectionable.  The evidence warranted the verdict, and no reason for ordering a new trial appears.

*Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*

Submitted March 1, — Decided April 29, 1902.

Complaint.    Before Judge Evans.    Washington superior court. June 6, 1901.

*James K. Hines,* for plaintiff in error.
*B. T. Rawlings* and *T. W. Hardwick,* contra.

---

### ROONEY *v.* SOUTHERN BUILDING AND LOAN ASSOCIATION.

LITTLE, J.   1. To render the evidence of a witness, taken by written interrogatories, admissible in the first instance, the statute requires that two commissioners shall act in taking the depositions of the witness ; and if for any reason the parties waive this provision of the statute, and agree that such may be taken by one commissioner, it is a compliance with the terms of the agreement which makes the execution legal, and authorizes the admission of the evidence so taken.   It follows that, to bring about this result, the terms of the agreement must be strictly observed.

2. When in a suit brought by a corporation an agreement was made by the parties that certain interrogatories sued out by the plaintiff might be executed by "         , provided such commissioner will certify that he is not interested in said suit, . . or in plaintiff as officer, member, or otherwise," and the interrogatories were executed by one commissioner who only certified that " I am not of counsel or kin to any of the parties to this suit, and that I am not interested in said suit," the evidence so taken is inadmissible on the trial of the case, because the terms of the agreement under which the depositions were to be taken, so as to make them competent evidence, were neither strictly nor substantially observed.

3. The principles of law which by the record appear to be involved in this case have, in several adjudications made by this court, been ruled in favor of. the plaintiff in the court below.   No error appears to have been committed by the trial judge, except as indicated above ; and the judgment is reversed alone for the reason stated in the second headnote.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*

Submitted March 1, — Decided April 29, 1902.<br>Rehearing denied May 12, 1902.

Complaint.    Before  Judge  Eve.    City  court  of  Richmond county.    June 7, 1901.

*Salem Dutcher,* for plaintiff in error.    *W. H. Barrett,* contra.