## GLENN *v.* ZENOVITCH.

1. The verdict was without evidence to support it, and the court erred in overruling a motion for new trial based upon the general grounds.
2. Where counsel for both parties agreed, in regard to the execution and return of certain interrogatories, that "Any disinterested party may act as sole commissioner in the execution and return of the above interrogatories, but the answers must be written by the witness personally," compliance with this stipulation was sufficiently shown when it was made to appear that the witness to whom the interrogatories were to be propounded dictated his answers to another person who wrote them out on a typewriter, and that the answers were read over to the witness, who, then, having previously been duly sworn, signed the same.
3. Where a note is given in settlement of a suit pending in court against the maker of the note, said party is bound thereby; and this is true whether the suit itself was instituted upon a just and valid claim or not.
4. No error appears to have been committed by the trial judge, except as indicated in the first headnote.

Submitted April 18,—Decided July 10, 1907.

Complaint. Before Judge Gober. Cobb superior court. January 16, 1906.

Zenovitch brought suit against Mrs. Glenn on a promissory note, dated October 21, 1902, for the principal sum of $300. The defendant filed a plea and several amendments, in which she alleged that said note had been obtained by fraud of plaintiff, and, "if signed by her, is totally without consideration." She further

alleged, and set up in her testimony, that plaintiff is indebted to her upon two promissory notes, dated February 20, 1903, and February 21, 1903, for the principal sums of $259 and $150 respectively; and she prayed judgment on said notes against the plaintiff. The plaintiff testified that he had dealings with the defendant prior to October 21, 1902, and that she had become indebted to him up to that time in the sum of $1,673 on a note, and $200 for money loaned; that he commenced legal proceedings upon said indebtedness against her, and on October 21, 1902, they agreed upon a settlement whereby she paid him $500 in cash and gave her note for $300, which note is the subject of this suit. The only portion of plaintiff's testimony which can be construed as a denial of the notes set up by the defendant in her cross-petition, is the following: "The only cash I received, besides the $500, was the sum of $15 paid by her for which I gave a note for $15. . . I have never received, since October 21, 1902, any money or other thing of value from Mrs. Glenn in settlement of this note [the note here sued on] or for any other purpose, that is in satisfaction of any existing debt, as a gift or as a loan, except the $15 hereinbefore mentioned, that she paid me in Tacoma in 1903." The evidence upon the other material issues was conflicting. The jury returned a verdict in favor of the plaintiff for the sum of $300 with interest. The defendant's motion for a new trial was overruled, and she excepted.

*F. Roland Alston*, for plaintiff in error.

*Moore & Pomeroy*, contra.

BECK, J. (After stating the foregoing facts.)

1. The plaintiff filed no responsive pleading to the counterclaim set up by the defendant in her cross-petition, and we are left to gather from plaintiff's testimony what his defense, if any, was. In this connection the defendant swore: "One day he [plaintiff] asked me for $259, and gave me his note for it. This is Mr. Zenovitch's signature [identifying note for $259, dated February 20, 1903]. I saw him sign that paper. . . This entire note is in his handwriting. . . At that time I loaned him $259. This note [identifying note, dated February 21, 1903, for $150] is for money that I gave him. This is his signature. The paper is in his handwriting." It is argued in the brief of counsel for plaintiff below, defendant in error here, that "Plaintiff had no knowl-

edge of them [the notes set up by the defendant] until the plea was filed on the day of the trial; and as his interrogatories had been taken several days before, and were then in court, he had no notice of this defense, and consequently did not deny these notes specifically, but his evidence leaves no doubt that said notes were never signed by him." Under these circumstances, it would have been perfectly competent for the plaintiff to move for a continuance of the case on the ground of surprise, in order to prepare to meet the issue thus raised. But this he failed to do, relying upon his other testimony to rebut the presumption in favor of the notes (the execution of which was nowhere denied) and the direct testimony of the defendant in support of the same. It is true the plaintiff testified that he had received no "money or other thing of value" from the defendant, "as a gift or as a loan," since October 21, 1902; but this entire statement is qualified by the words, "in satisfaction of any existing debt." This averment, therefore, is altogether too loose and general to support a plea of want or failure of consideration of the notes held by the defendant, the alleged consideration of which was money loaned, not "in satisfaction of any existing debt," but as an independent transaction whereby the plaintiff became indebted to the defendant. It follows, from what has been said, that the verdict in favor of the plaintiff, for the full amount of the note sued on by him, was without evidence to support it, and the court erred in overruling defendant's motion for a new trial based on that ground.

2. The movant complains in one of the grounds of the motion for a new trial that the court erred in admitting in evidence the interrogatories of Zenovitch, the ground of the objection being that "they were not executed in accordance with the agreement between counsel as to the manner of execution, in that the answers were not written by the witness and were not in the handwriting of the witness as provided by said agreement." The agreement above referred to was as follows: "It is agreed that any disinterested party may act as sole commissioner in the execution and return of the above interrogatories. But the answers must be written by the witness personally and certified to by a notary public." The notary public, who acted as commissioner to execute the interrogatories, certified the same as follows: "This is to certify that L. G. Zenovitch presented to me, William Thompson, notary

public in and for the State of Washington, duly commissioned and sworn, the attached interrogatories together with the exhibits thereto attached, and that before answering said interrogatories, I propounded an oath to the said L. G. Zenovitch, which oath he took, and said that in his said answers to his said interrogatories would tell the truth, the whole truth, and nothing but the truth. That the answers to each and. every one of said interrogatories were given in my presence, and were dictated to a stenographer upon a typewriter directly, and that the same were carefully read over to him after being written and. answered, and are verified by him as being the true and correct answers as [he] dictated them. That he did not write out the. answers to the interrogatories in longhand himself, for the reason that he is a slow writer, and it is only with the greatest difficulty that he can write, on account of poor health and a stiff wrist. That he signed his name after the same had been carefully read over by him, and that he has taken oath before me that the answers have been correctly transcribed according as he dictated them in person." And the following affidavit of said Zenovitch is attached to the answers to the interrogatories: "That he either wrote or dictated the foregoing answers to the interrogatories. That he has carefully read the same over, and the interrogatories; that he knows the contents of all of said answers, and that the same constitute his answers as dictated by him, and the same are true."

It has been held by this court, and we do not desire to be understood as laying down any rule in conflict therewith, that, "To render the evidence of a witness, taken by written interrogatories, admissible in the first instance, the statute requires that two commissioners shall act in taking the depositions of the witness; and if for any reason the parties waive this provision of the statute, and agree that such may be taken by one commissioner, it is a compliance with the terms of the agreement which makes the execution legal, and authorizes the admission of the evidence so taken. It follows that, to bring about this result, the terms of the agreement must be strictly observed." *Rooney* v. *Southern Association,* 115 *Ga.* 400. In the case just cited the court said, "The terms of the agreement . . were neither strictly nor substantially observed." In the case at bar, however, the witness dictated his answers to the interrogatories just as he would have written them;

the same were carefully read over to him after being written; he makes oath that they were his answers as dictated by him, and signs the same with his signature. And we can see no reason for holding that this was not a sufficient compliance with the agreement that "the answers must be written by the witness personally."

3. Where a note is given in settlement of a suit pending in court against the maker of the note, said party is bound thereby; and this is true whether the suit itself was instituted upon a just and valid claim or not. *City Electric Ry. Co.* v. *Floyd County,* 115 *Ga.* 655.

4. No error appears to have been committed by the trial judge, except as indicated above, and the judgment is reversed alone for the reason stated in the first division of the opinion.

*Judgment reversed. All the Justices concur.*