2767.  WALL *v.* BASHINSKI BROTHERS.

Where the trial judge in his charge to the jury fairly submits and states in a general way the controlling contentions of each party, he is not required, in the absence of a pertinent timely request, to specially direct the attention of the jury to specific fragments of the testimony, or to instruct them as to the effect of each fact and circumstance adduced in support of the respective contentions. In no case should a trial judge express his opinion as to the weight of the testimony, and he is not required to analyze it and charge upon the effect of segregated portions of the evidence, unless specially requested so to do.

DECIDED JANUARY 24, 1911.

Action on contract; from city court of Dublin—Judge Hawkins. May 23, 1910.

*Allen & Pottle, W. C. Davis,* for plaintiff.

*Peyton L. Wade,* for defendants.

RUSSELL, J.  Wall sued Bashinski Brothers for damages claimed by him as consequent upon their breach of a contract for the purchase of 100 bales of cotton. The jury found in favor of the defendants, and the trial judge refused a new trial. The original motion is based upon the general grounds. In the amendment to the original motion, complaint is made, in the 1st, 2nd, 3rd, 5th, and 6th grounds, that the court erred in omitting to call the attention of the jury (although not so requested to do) to certain specified portions of the testimony bearing upon and favorable to the plaintiff's contention; and in the 4th ground error is assigned upon the fact that the judge, in stating the contentions of the parties to the jury stated that the defendants contended, among other things, that time was of the essence of this contract. The matters referred to in all of the grounds of the motion for new trial, with reference to which it is insisted the court erred in omit-

ting to bring them specifically to the attention of the jury, relate to portions of the testimony which were adduced in support of the plaintiff's claim, and most of which were in writing. Inasmuch as we find upon examination of the charge of the court, as it appears in the record, that the trial judge fairly and impartially submitted in a general way all of the contentions of both parties, and it is admitted that no written request was preferred, we do not think the court was required to go into the details of either party's case to analyze the testimony, dissect the fragments, and point out to the jury the probable or rational effect of each single circumstance relied upon by either. In fact, such a practice would be reprehensible, rather than otherwise, and would very likely tend to make the instructions of the court argumentive.

Where the trial judge, in his charge to the jury, fairly submits and states in a general way the controlling contentions of each party, he is not required, in the absence of a pertinent timely request, to specially direct the attention of the jury to specific fragments of the testimony, or to instruct the jury as to the effect of each fact and circumstance adduced in support of the respective contentions. In no case should a trial judge express his opinion as to the weight of the testimony; and he is not required to analyze it and charge upon the effect of segregated portions of the evidence, unless specially requested so to do.

In the first ground of the amendment to the motion for new trial the complaint is made that the judge, even without request, should have instructed the jury as to the meaning, character, and effect of rule 102-B of the rules of the Savannah Cotton Exchange, which was in writing; this for the reason that, under the undisputed testimony, this rule of the Cotton Exchange was a part of the contract, a breach of which was alleged in the petition. This rule, which the jury had before them, was as follows: "When time of delivery has expired, and the cotton does not arrive by noon of said day, the seller shall have twenty-four hours in which to substitute cotton of equal quality and character. Should he fail to substitute such cotton within time named, the contract shall be closed, and settlement made at the difference between price of sale and value of cotton of equal quality and character, deliverable at ship's side within twenty-four hours, and the seller shall also pay to the buyer a penalty of one eighth cent per pound." It

38

is contended that the failure to instruct the jury specifically as to the meaning, character, and effect of this rule excluded from the consideration of the jury one of its main contentions. It seems to us that the language of the rule itself is unambiguous, and that it may be safely assumed that any jury of ordinary intelligence would understand it without explanation, and the judge in his charge specifically told the jury that the plaintiff contended that the rules of the Savannah Cotton Exchange were a part of the contract, and called their attention to the fact that certain of these rules were in evidence. It may be said with equal propriety of the exception contained in the second ground of the amendment to the motion for new trial, which related to the custom whereby 24 hours additional were to be given to the seller of the cotton where Sunday intervened, that it was not the duty of the court, in the absence of a request, to call the attention of the jury specifically to the parol evidence upon the subject of a custom, but certainly the court was not required to call the attention of the jury to this custom, because the testimony as to custom was that when the week ended on Sunday the seller was to have 24 hours additional, and, according to the undisputed testimony, the week in this case ended on Saturday. · The trade was made on Saturday, the 19th; and excluding that date, the week specified in the contract would have begun on Sunday and ended Saturday night. If, as the plaintiff in error contends, he would have had until midnight Monday, October 28, to deliver the cotton, it would have completely abrogated the express stipulation of the contract, which required that the cotton should be in Savannah the next week. The Saturday on which the contract was made was the last day of that week, and Saturday, the 26th, was the last day of the next week. Sunday, in accordance with the New Testament dispensation as well as the old, is recognized as the first day of the week.

The third ground of the amendment to the motion for new trial deals more minutely with rule 102-B of the rules of the Savannah Cotton Exchange, and assigns error upon the failure of the court, even without a request, to call the attention of the jury to the fact that even if they found that the time of delivery of the cotton had expired, then settlement should be made in accordance with the provisions of this portion of the rule, and that if they found that the provisions of the rule had been complied with by the plaintiff,

he would be entitled to damages, under the terms of this concluding paragraph of rule 102-B. Aside from the fact that we do not deem that the court erred in omitting, in the absence of a request, to dilate upon all of the particular facts in the testimony, we find no merit in this assignment of error, for the reason that there is no evidence in the record that the plaintiff substituted any cotton, or offered to substitute any, within the 24 hours provided by the rule. The plaintiff seems to have been of the opinion that the week did not end until 12 o'clock Sunday night. Under this view of the case he would have had 24 hours, according to the rule and custom of the Savannah Cotton Exchange, and his tender of like cotton on Monday would, perhaps, have been compliance with his contract, but as the week (which he himself swore he specified) was fully completed Saturday, the custom had no application, and there is no evidence that he offered to substitute any cotton in the 24 hours intervening, which was on Sunday. Our ruling with regard to the first ground of the amended motion applies equally to the 5th and 6th grounds, on which the plaintiff in error complains that the court should have pointed out in its charge to the jury that it was the duty of the defendants to notify the plaintiff as soon as he ascertained that the cotton had not arrived in Savannah, and that it was likewise his duty to specifically instruct the jury that the seller (the plaintiff in the case) had until Monday, October 28, to complete the delivery of the cotton in Savannah.

Under the testimony of both the plaintiff and the defendants, that Bashinski Brothers, upon a declining market, contracted to pay a premium above the market price for the cotton involved in the contract, in order that it might be delivered within the next week, we find no error in the mere statement by the court, of which complaint is made in the fourth ground of the amended motion, that the defendants contended that time was of the essence of the contract. So far as disclosed by the record the trial was free from error. The jury merely resolved the issues in favor of the defendants instead of the plaintiff.          *Judgment affirmed.*