11080.   JARRELL *v.* GILLESPIE.

BLOODWORTH, J.   This being a suit on an unconditional promissory note, on the trial of which the defendant's attorney "in open court, before any evidence was offered, admitted the execution of the note and assumed the burden and claimed the opening and conclusion," and

no legal defense being shown by the evidence introduced, the judge properly directed a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

Complaint; from Effingham superior court—Judge Lovett. October 20, 1919.

Gillespie sued Jarrell on a promissory note. The defendant pleaded that the note "was procured by legal fraud," in this: The plaintiff advertised that he was making loans to farmers on their lands, and the defendant applied for a loan upon his lands. The plaintiff "assured him that he would procure the loan, but stated that, in order to procure said loan, defendant should apply for and secure a life-insurance policy." The defendant stated that he did not desire more insurance, as he had all he was able to pay for, but after being assured that the best way to secure the loan was to take out the policy, and being told that he need not pay any money, but could pay the premium out of the loan which the plaintiff would secure for him, he assented, solely upon this representation, and he paid the plaintiff $20 to have an appraisement made of his farm, as a preliminary to securing the loan. The plaintiff put him off with promises from time to time until the insurance policy was ready for delivery, at which time the plaintiff asked that he give a sixty-days note for the premium, and stated that it could be paid out of the loan. He gave this note solely to obtain the loan, and not because he desired insurance. The plaintiff put him off until the note matured, and then urged him to renew the note, still leading him to believe that the loan would be forthcoming. Two days before the renewal note became due, the plaintiff wrote a letter to him, from which he became satisfied that it was useless to waste more time on the plaintiff, and he therefore declined to pay the note. As he had had the policy for about four months, he offered to return it and to pay to the plaintiff the pro rata part of the premium for the time he had been covered, but the plaintiff declined to accept this, and sought to force him to pay what he believes to be a void note, because the consideration therefor has totally failed.

At the trial testimony was introduced in support of this plea. The plaintiff testified that he applied for a loan of $5,000, that his property was afterwards appraised at $8,050, and the plaintiff told him he could get $3,000, and he said he would accept that. "I reckon he (the plaintiff) was trying to get it all the time; he

wrote me so." A letter from the plaintiff to the defendant, dated two days before the note sued on fell due, said, "relative to your loan, I have made every effort to get this, and am still trying to do so, but I think it hardly possible to obtain the amount you desire, as the appraisers do not seem to place a value on your place as you do."

The trial judge, at the time of directing the verdict in favor of the plaintiff, said: "An agreement that an unconditional promissory note was never to be paid, or was to be paid only on the happening of an uncertain event in the future, not integrated in the note, would certainly alter the terms of the instrument, and would alter the rule of parol evidence in Georgia. In the absence of a plea of fraud, such evidence could never be considered. In this case there is a plea which the pleader denominates one of fraud, but in the opinion of the court the facts sufficiently well pleaded do not constitute fraud against which a court will relieve. In order for the facts, as developed on the trial, to constitute such fraud as would entitle the plaintiff to relief, it must appear that there was some misrepresentation of fact, that the misrepresentation was a material one, and that it was acted upon by the opposite party. Generally these misrepresentations must relate to a present or existing fact, for misrepresentations as to future facts are themselves uncertain, as all things in the future are speculative and more or less subject to change. The only thing, as the court sees this case, that it can be fairly said that the plaintiff misrepresented was his ability to procure a real-estate loan for the defendant. That related to a future fact, and all the facts, construed together, show a reasonable effort on the part of the plaintiff to obtain the loan, and the mere fact that he may have failed to obtain the loan could not, under any circumstances, create a presumption of fraud."

*W. B. Stubbs,* for plaintiff in error.

*Oliver & Oliver, W. S. Connerat,* contra.