## 17450. PRINCE HALL MASONIC BUILDING ASSOCIATION *v.* HOWARD *et al.*

1. "Where a disputed claim, dependent upon a legal question, is settled and adjudicated by the parties, and a contract between them is accordingly made whereby one promises to pay to the other a sum of money, the promisor is bound thereby, though such question be really free from doubt, and properly resolved would have absolved him from all liability."

2. The evidence adduced on the trial demanded a verdict for the plaintiff, and the court erred in overruling the motion for a new trial.

DECIDED DECEMBER 14, 1926.

Compromise and Settlement, 12 C. J. p. 331, n. 47, 48; p. 366, n. 56.
Indemnity, 31 C. J. p. 422, n. 83, 84.
New Trial, 29 Cyc. p. 820, n. 35.

Complaint; from city court of Atlanta—Judge Reid.   May 8, 1926.

Application for certiorari was denied by the Supreme Court.

*Anderson, Rountree & Crenshaw, Jerome Jones Jr.,* for plaintiff.

*Branch & Howard, Bond Almand, A. T. Walden,* for defendants.

PER CURIAM.   The Prince Hall Masonic Building Association brought suit against David T. Howard and W. S. Cannon on a promissory note, a copy of which was attached to the petition.   The defendants denied liability and pleaded that the note was executed by them without any consideration whatever.   On the trial, after the evidence was introduced, the judge directed a verdict for the defendants.   A motion for a new trial, based on the general grounds, was overruled, and the plaintiff excepted.

The facts as disclosed by the record are in substance as follows: The Prince Hall Masonic Building Association had $11,641.96 on deposit, subject to check, in the savings department of the Atlanta State Savings Bank.   The drawing out of this amount at one time and at the particular time in question would have proved detrimental and probably disastrous to the bank.   To induce the plaintiff to leave the money in the bank J. O. Ross, W. S. Cannon, and David T. Howard, stockholders of the bank (and the latter two also directors of the bank), entered into a written agreement with the plaintiff on September 30, 1921, under which the plaintiff was to leave all of the said money in the said bank for a specified time, after which time it was to be drawn out in specified installments; and Ross, Cannon, and Howard, for considerations stated in the agreement, agreed to be personally liable, as original and independent obligors, to the plaintiff for the said money in the event the bank should break or should for any reason fail to pay the specified amounts at the times designated.   The written agreement began as follows:   "Georgia, Fulton County.   This agreement made and entered into this 30th day of September, 1921, by and between Prince Hall Masonic ∗Building Association, a corporation, party of the first part, and Atlanta State Savings Bank and the undersigned officers, directors, and stockholders thereof, parties of the second part, witnesseth:"   The agreement was signed as follows:   "Prince Hall Masonic Building Association, party of the first part, Thos. H. Slater, Pres.   J. O. Ross,

W. S. Cannon, David T. Howard, parties of the second part."
The agreement was not signed by the Atlanta State Savings Bank.
Before the first payment under this contract became due the bank
failed. After the failure the plaintiff, through its representative,
approached the defendants for the purpose of collecting the amount
which they guaranteed under this contract. The defendants con-
tended that they "ought not to pay it, because we had no compen-
sation out of it, no benefit." This dispute extended over a period
of several weeks, and finally, in consideration of an extension of
time, a decrease in the rate of interest, and the settlement of the
disputed claim, the defendants, on July 18, 1922, executed the
note sued on.

Under the original contract a benefit flowed to the defendants
because they were stockholders and directors in the bank and it
was to their pecuniary interest for the bank to remain open and
do business. And a detriment flowed to the plaintiff, because it
had a perfect right to draw out all its money before the failure
of the bank, and refrained from doing so because of the written
promise of the defendants to indemnify it against loss, and, as a
result of so refraining, the plaintiff lost all of its said money so
far as payment by the bank was concerned. The defendants con-
tend, however, that the failure of the bank to sign the written
agreement made it void and unenforceable, and that the note sued
on was executed merely as a renewal of that contract, and not as
a compromise of the plaintiff's claim against them. Conceding,
but not deciding, that the failure of the bank to sign the agreement
rendered it unenforceable, the evidence upon the trial fairly de-
manded a finding that the note sued on was not a mere renewal
of the original contract, but that it was executed as a compromise
and settlement of a bona fide dispute arising out of that contract.
"Where a disputed claim, dependent upon a legal question, is
settled and adjudicated by the parties, and a contract between
them is accordingly made whereby one promises to pay to the other
a sum of money, the promisor is bound thereby, though such ques-
tion be really free from doubt, and properly resolved would have
absolved him from all liability." *City Electric Railway Co.* v.
*Floyd County,* 115 *Ga.* 655 (42 S. E. 45). See also *Glenn* v.
*Zenovitch,* 128 *Ga.* 596 (3) (58 S. E. 26) ; *Johnson* v. *Redwine,*
98 *Ga.* 112 (1) (25 S. E. 924) ; *Belt* v. *Lazenby,* 126 *Ga.* 767 (2)

(56 S. E. 81); *Preston* v. *Ham,* 156 *Ga.* 224 (1 *b, d*) (119 S. E. 658).

2. The evidence adduced on the trial demanded a verdict for the plaintiff, and the court erred in overruling its motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., absent on account of illness.*