19474. SOUTHERN RAILWAY COMPANY *v.* MILLER.

JENKINS, P. J. "A carrier can not refuse to recognize the demand of the true owner of property, made while such property is in the carrier's possession and duly pressed, and carry it away and deliver it to a per-

son who does not own it, or his order, merely because the carrier received it from such person as consignor." This is true for the reason that the right of stoppage in transitu (Civil Code of 1910, § 2739) exists in favor of the vendor or owner to resume possession of goods while they are still in the hands of the carrier in their transit to the vendee or consignee. Accordingly, where, as in the instant case, the vendor and true owner of property delivers it to a carrier under a contract of affreightment made out from and to a named person, the consignee, and thereafter, upon discovering the insolvency of the consignee, exercises his right of stoppage in transitu and demands the goods from the carrier, a refusal by the carrier to comply with such demand for possession will amount to a conversion, even though the carrier may have been served with summons of garnishment issued at the instigation of a creditor of the consignee. The rule is that when a demand is made upon the carrier by such true owner, "if the carrier should refuse to surrender the goods to him he will be equally guilty of a conversion, if the title of such claimant should prove to be the better and he, as the true owner, was really entitled to them."

In cases where the title to the property is disputed, and it becomes difficult for the carrier to determine who is entitled to it, the remedy of the carrier is to bring the parties before a proper legal tribunal by a bill of interpleader, in order that the parties may litigate the question of title among themselves, rather than for the carrier to take it upon itself to determine between the conflicting claims and run the risk of converting the property by a refusal to surrender it, on demand, to the true owner. *Georgia Railroad Co.* v. *Haas,* 127 *Ga.* 187 (4), 191 (56 S. E. 313, 119 Am. St. R. 327, 9 Ann. Cas. 677). The summons of garnishment which had been served upon the carrier prior to its receipt of the shipment did not operate to bring the parties to this litigation before a tribunal so as to adjudicate the question of plaintiff's title, and consequently the carrier, by refusing the demand of such true owner, made a conversion of the property, which subjected it to a judgment in trover. The facts being undisputed as to the plaintiff's title, right of possession, and demand, the court did not err in directing a verdict in his favor.　　　　*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 18, 1929.

Application for certiorari was denied by the Supreme Court.
*Maddox, Maddox & Mitchell,* for plaintiff in error.
*M. B. Eubanks, D. W. Mitchell,* contra.