23432. DARIEN NAVAL STORES COMPANY *et al. v.* HOFF.

MacINTYRE, J. 1. Where suit was brought in regular form on unpaid promissory notes in a series under seal, and the answer thereto admitted execution of the notes but set up the following facts: that R. W. Hoff and G. W. Brandon, together with the defendants, composed the firm of Darien Naval Stores Company; that on or about March 13, 1930, there were negotiations between the partners for the defendants to acquire the interest of Brandon and Hoff in said firm; that during these negotiations there was an action pending by Mrs. Hazel Hoff, the plaintiff in the case at bar, against R. W. Hoff, in which she sought to subject the interest of R. W. Hoff in the Darien Naval Stores Company to herself; that during such negotiations an agreement was reached between these defendants and Mrs. Hazel Hoff "that in the event the trade between said Brandon and Hoff and these defendants went through, these defendants would pay over to the said Mrs. Hazel Hoff whatever amount was due for R. W. Hoff's interest in said concern; . . that a series of notes representing such amount were executed and placed in the hands of the said S. C. Townsend, which were to be and remain in his custody and control; that these defendants were to pay to said Townsend $100 each month, which was to be delivered to the said plaintiff by the said Townsend, and a note marked paid by said Townsend was then to be returned to these defendants; *that in consideration thereof* [italics ours] the proceedings by Mrs. Hazel Hoff against R. W. Hoff were to be dismissed and Hoff's interest in said concern was to be acquired by these defendants freed from all claim of the said Mrs. Hazel Hoff," that subsequently the trade did go through and it was arranged to buy out the interest of said Hoff, the payments to be made to Mrs. Hoff as above recited; that prior to and at the time of such negotiations R. W. Hoff was bookkeeper for the firm, for which service he was paid $50 per month in addition to his share in the profits; that during the year 1929 he over paid himself, without the knowledge or consent of the firm or of these defendants, in the sum of $300, which they allege they are entitled to credit for on the notes executed to Mrs. Hoff, here sued upon, *held:* The dismissal of the suit by the plaintiff, to subject her husband's interest in the partnership to herself, was a good consideration for the notes executed by the defendants to her (see *Tyson v. Woodruff*, 108 Ga. 368, 33 S. E. 981; *Bell v. Lazenby*, 126 Ga. 767, 56 S. E. 81; *Johnson v. Redwine*, 98 Ga. 112, 25 S. E. 924; *City Electric Ry Co. v. Floyd County*, 115 Ga. 655, 42 S. E. 45; *Prince Hall Masonic Building Asso. v. Howard*, 36 Ga. App. 169, 136 S. E. 94); and if the plea is to be construed as alleging fraud on the part of her husband in the sale of his interest in the assets of the partnership, it could not be main-

tained as a defense to the notes executed to her, without an allegation that she was in privity with him. See, in this connection, *Roth* v. *Donnelly Grocery Co.*, 8 *Ga. App.* 851 (70 S. E. 140); *Williams* v. *Garrett*, 32 *Ga. App.* 762 (124 S. E. 811). The court properly struck the plea and directed a verdict for the plaintiff, no other issuable defense having been filed. *Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*

DECIDED JULY 11, 1934.

*Tyson & Tyson,* for plaintiffs in error. *R. D. Meader,* contra.