## FOLDS *v.* FOLDS.

No. 12613. JANUARY 12, 1939.

*J. L. Smith* and *Willis Smith,* for plaintiff.

*Boykin & Boykin,* for defendant.

GRICE, Justice. No matter how positively it is asserted in the petition that the agreement entered into on April 2, 1937, and the obligation apparently assumed by the plaintiff thereunder, were voluntary promises on his part, and therefore not binding on him, yet if the facts appearing on the face of the petition show that there was a valid consideration for his promises, the trial court was correct in its ruling, because the only contention made by the plaintiff as to why the challenged agreement is void is that it is without consideration. The presence, as an exhibit to his petition, of the written agreement under date of April 2, 1937, is fatal to the position of plaintiff in error. Regardless of what is recited in the petition as to what had taken place before, we are by this exhibit apprised of the fact that on the day last named there was pending by the wife a suit against the husband for alimony, and that the parties, being desirous of reaching a settlement and compromise thereof, did enter into the agreement which the husband now seeks to have canceled as a voluntary agreement on his part, a portion of the agreement being a withdrawal on her part of the pending suit. The pleadings in the suit by the wife for alimony are not set forth. We do not know what, if any, reference was therein made to the former suit which the plaintiff in the instant case alleges she filed against him. Nor are we advised as to what were the husband's views on April 2, 1937, as to the validity of the settlement which he now alleges he made with her on October 15, 1931. But we do know from his own petition that on April 2, 1937, Mrs. Folds was asserting in court against him a claim for temporary and permanent alimony, and that "the said parties being desirous of reaching a settlement and compromise

of said matter," did make an agreement. In that writing she agreed to do certain things, and he agreed to do certain things, among which was to make her a monthly payment of one hundred dollars. When he failed to perform, she sued him, and his insistence now is that he owes her nothing because his promise was a mere nudum pactum, the parties having previously settled an alimony claim, as to which there was full performance on his part.

Where a note is given in settlement of a suit pending in court against the maker of the note, said party is bound thereby; and this is true whether the suit itself was instituted upon a just and valid claim or not. *Glenn* v. *Zenovitch*, 128 *Ga.* 596 (58 S. E. 26). Where a claim is disputed, and is settled and adjusted by the parties, and a contract is accordingly made whereby one promises to pay to the other a sum of money, the promisor is bound thereby, though such question be really free from doubt, and properly resolved would have absolved him from all liability. Moreover, in order to render valid the compromise of a claim, it is not essential that the matter should be really in doubt. It is sufficient if the parties consider it so far doubtful as to make it the subject of a compromise. *City Electric Ry. Co.* v. *Floyd County*, 115 *Ga.* 655, 657 (42 S. E. 45). Compromises of doubtful rights are upheld by public policy. *Preston* v. *Ham*, 156 *Ga.* 223, 234 (119 S. E. 658). This is especially true when they partake of the nature of family agreements. It has been frequently decided by this court that in equity the termination of family controversies affords a consideration which is sufficient to support a contract made for such purposes. *Preston* v. *Ham*, supra, and cit. Indeed, as was observed in *Tyson* v. *Woodruff*, 108 *Ga.* 368, 373 (33 S. E. 981), if any other rule prevailed, settlement or compromise of disputes and differences would amount to absolutely nothing; for in the event of a suit based upon the contract of settlement, either party could go behind that agreement, set up defenses to the original claim, and contend that there was really no consideration for the compromise. Applying the above well-recognized principles of law to the facts of this case, the ruling excepted to was correct, and the judgment is

*Affirmed. All the Justices concur.*