28044. MASON v. FOSTER, executor, et al.

DECIDED MARCH 13, 1940.

*Noel P. Park, William H. Agnor,* for plaintiff in error.
*Miles W. Lewis, Albert G. Foster,* contra.

GUERRY, J. A. G. Foster, as executor of F. C. Foster and of Mrs. J. F. Foster, brought suit against C. R. Mason for $537.92,

alleging that Mason had purchased certain timber of that value from one Higgins who, without any legal right or authority, had cut and removed said timber from the lands of the estates represented by the plaintiff; that Higgins had stolen said timber from the estates' lands; and that although the defendant had paid Higgins therefor, the plaintiff was entitled to recover the value thereof from the defendant. The defendant answered (a) that none of the timber bought by him, trading as Mason Lumber Company, had belonged to the plaintiff, and (b) that the defendant had paid to the plaintiff $56.22 as a compromise or mutual accord and satisfaction of the claim which the plaintiff was seeking to enforce, the defendant at the time denying any liability whatever, and stating that he was making the payment as a compromise and settlement; and that the plaintiff had accepted the payment with the agreement that no suit would be brought therefor. Other pleas are not necessary here to be stated. By amendment the defendant pleaded that in 1929 he bought from the plaintiff and paid him therefor all the timber on the plaintiff's land. The amendment was allowed subject to demurrer, and was afterward disallowed. If the defendant had bought and paid for the timber he could not, ten years thereafter, enforce the delivery of it without setting out such a written contract of purchase as would at least state a time for the cutting and removal of said timber which would be within the plea. We do not think the court erred in sustaining the demurrer. Moreover, it appeared that the defendant introduced evidence tending to show that he had purchased this timber, which was admissible under its original plea. The court directed a verdict for the plaintiff.

We do not think any of the evidence introduced by the defendant made any issue which should have been submitted to the jury, save and except that introduced on the question of accord and satisfaction. The defendant testified that he told the executor that the executor's brother had told him that Higgins had authority to cut the timber to build up the farm, and that he had acted in good faith in buying the timber from Higgins. We quote. "I made a settlement with Albert Foster as executor of the estate. It was a complete settlement so far as I was concerned. He said it was a complete settlement so far as he was concerned. I paid him $56.22 . . I said, 'If this ends the matter, go over there and give him a check.' This was for the particular timber he is now suing me for."

There was evidence which showed the defendant was contending that he bought the timber from Higgins, thinking at the time that Higgins had authority from Fred Foster to sell, and that he had paid to Higgins $537.92, and at the time owed Higgins $56.22 as a balance for timber delivered. Another witness for the defendant testified: "Before I wrote out the check Mr. Foster clearly stated that if he got the money he was not going to sue. I then wrote the check and delivered it to Mr. Foster. Mr. Foster said he had no other claim against the Mason Lumber Company." The check was paid. The plaintiff's evidence contradicted the above testimony; but we think an issue was presented for determination by the jury.

The defendant in error insists that there was no consideration supporting the alleged settlement and compromise. The evidence was sufficient to show that Mason was contending that he did not owe Foster any amount whatever, but that he would give him $56.22 in settlement of their differences. Foster's evidence disputed this, and an issue was thus made for determination by the jury. It is patent from a reading of the evidence that timber of the value of $594.14 had been cut from the lands of the plaintiff and sold by Higgins to Mason. Higgins had already been paid $537.92, and Mason still owed him, under his contract, $56.22. Mason contended that Higgins at the time had had authority to cut and sell the timber. Foster disputed this. Mason, according to his plea, which was supported by the evidence he offered, denied any liability whatsoever to Foster, but had paid him $56.22 which he claimed was in full settlement of the entire claim. In *Bass Dry Goods Co.* v. *Roberts Coal Co.*, 4 *Ga. App.* 520 (61 S. E. 1134), it was said: "Where the aggregate amount of an account is in dispute, but the debtor concedes a liability for a part thereof, and tenders that sum in payment, on the condition that it shall be in full settlement, the creditor, by retaining and using the money, check, or other thing of value so tendered, extinguishes the whole account, notwithstanding he protests, at the time, that the remainder of his claim is still due and owing." See *Ryan* v. *Progressive Retail Publishing Co.*, 16 *Ga. App.* 83, 86 (84 S. E. 834). An executed agreement to take less than the full amount of the debt may be pleaded as an accord and satisfaction. Code, § 20-1204. A compromise of a disputed claim is binding on both parties. § 20-1205. This is true

whether the claim was valid or not, *Prince Hall Masonic Building Asso.* v. *Howard,* 36 *Ga. App.* 169 (136 S. E. 94), and cit. It is apparent from the evidence that Mason was disputing the right of Foster to recover for the value of the timber at all. He testified that Foster agreed to settle the entire matter on payment to him of $56.22. Foster denied that any such agreement was made, and said that Mason merely paid him an amount which he admitted that he owed, without any agreement as to the balance of the account. The court erred in refusing to submit this issue to the jury.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*