FOLDS *v.* CITY OF CARROLLTON.

No. 14216.   JULY 15, 1942.

*J. L. Smith,* for plaintiff.   *Boykin & Boykin,* for defendant.

GRICE, Justice. Folds filed a suit against the City of Carrollton and it officers, seeking to enjoin them from proceeding with a levy, on property owned by him, of a tax execution issued in personam. The case was tried before a jury. It appeared that the plaintiff had paid the taxes assessed against property owned by him at the time the taxes were laid, but that he had not paid taxes on property owned by him in previous years, which he had theretofore conveyed to his wife. The taxing authority, by amendment of the answer, set out that on April 2, 1937, the plaintiff made an agreement with Mrs. Clara Folds, his wife, that he would pay the

taxes on the property previously deeded to her, and that the taxes in question related to the property that had been previously deeded by him to his wife. Folds objected to the amendment, on the ground that it concerned a contract between him and his wife as to a settlement between them, and that the City of Carrollton could not take advantage of it; that if there was a breach of this contract, it might give Mrs. Folds a cause of action thereon, but such facts could not be pleaded by the City of Carrollton. The court overruled this objection. The city then offered in evidence the contract above referred to, which is set out in the report of the case of *Folds* v. *Folds,* 187 *Ga.* 463 (1 S. E. 2d, 4). The plaintiff objected on the ground that it was irrelevant and immaterial, and urged the same reasons that were offered to the allowance of the amendment. The court then made the following ruling:

"The question is, has the city fixed a levy against the proper parties? This contract has been held valid by the Supreme Court, and in it he agreed to pay the taxes. The city can not assess the taxes against anybody else. It is unnecessary to introduce the contract in evidence; the court can take, judicial cognizance without it being introduced. I do not see how this court could hold anything under this, other than Mr. Folds would be liable for the taxes. The contract has been made the law by decision by the Supreme Court holding against him, and he must abide by this contract. I think the city would be required under this decision to assess the taxes against him. Take a verdict for the defendant."

Verdict and decree in favor of the defendant were entered, and the plaintiff excepted.

The court erred in so ruling. The defendants in the instant case were not parties to the case of *Folds* v. *Folds,* supra. Mrs. Folds is not a party in the instant case. If under the contract referred to an obligation rested on Mr. Folds to pay the taxes on Mrs. Folds' property, only Mrs. Folds could sue for a breach thereof. It was a private matter between Mr. and Mrs. Folds, and did not give the City of Carrollton the right to enforce the tax execution against property owned by Folds himself, when the only unpaid taxes were due on property which Folds did not own but which he had previously conveyed to his wife. The tax being included in an execution against W. L. Folds and including the tax due on property not belonging to him, and he having paid all

of the tax which was on property owned by him, and there being no provision of law for the filing of an affidavit of illegality on the levy of the tax execution by the City of Carrollton, he was entitled to an injunction as prayed for. Compare *Haden* v. *Atlanta,* 177 *Ga.* 869 (6) (171 S. E. 703); *Wofford Oil Co.* v. *Willacoochee,* 184 *Ga.* 275 (191 S. E. 128).

*Judgment reversed. All the Justices concur.*