### 31388. PESSO *v.* POULOS.

Decided September 27, 1946.

*Shulman & Davis,* for plaintiff in error.   *A. E. Wilson,* contra.

FELTON, J.   ■   Mr. Pesso contends that since Mr. Poulos accepted the rent for January, 1946, by distraining therefor and receiving the rent, he impliedly leased the premises for the calendar year and that he (Pesso) was not bound by the settlement agreement because he did not understand it and did not authorize it to be made by his attorney as it was made, contending that he understood that the agreement gave him a lease for another year.   Assuming, for the sake of argument, that Mr. Poulos by distraining for January, 1946, rent and accepting it agreed to a lease for the year 1946, the settlement of the dispossessory-warrant case, if binding on the parties outside of the determination of the question whether Mr. Pesso understood the agreement, would be conclusive as to the rights of the parties.   The parties regarded the issue as doubtful enough to make it the subject-matter of a compromise whether it actually was doubtful or not, and are bound thereby. *Boswell* v. *Gillen,* 131 *Ga.* 311 (62 S. E. 187) ; *Armour Fertilizer Works* v. *Wynne Mercantile Co.,* 40 *Ga. App.* 842 (151 S. E. 671) ; *Folds* v. *Folds,* 187 *Ga.* 463 (1 S. E. 2d, 4) ; *Mason* v. *Foster,* 62 *Ga. App.* 104 (8 S. E. 2d, 180).

■   The only question for decision is whether the evidence authorized the finding that Mr. Pesso understood the meaning of the agreement entered into between the attorney for Mr. Poulos and his own attorney in his, Pesso's presence.   The attorney for Mr. Poulos testified that the attorney for Mr. Pesso agreed with him on the terms of settlement, to wit, that Pesso would pay January, February, and March, 1946, rent and vacate the premises April 1, and that Mr. Poulos would dismiss the dispossessory-warrant suit and pay the costs; that when the witness told Mr. Pesso what the agreement was Mr. Pesso stated that he did not know

what the witness was talking about; and that the witness explained the agreement to Mr. Pesso and his own attorney explained to him and Mr. Pesso said nothing more. Mr. Pesso testified that he was not definitely informed at any time that the rent paid was only to allow him to remain in the premises for January, February, and March. Mr. Pesso was asked if he was told that he had to be out on the first of April. When he began to answer the question the court interrupted him and asked: "If you can answer that question, do so and then you can explain. Did Mr. Callaway tell you when you were with Mr. Efurd and paid this money, that you had to be out of the premises by the first of April, or not?" Mr. Pesso answered: "He said that, but he told him . . my lawyer said the only way, it would be leased; Mr. Efurd, my lawyer, said at that time the only way would be a lease. That is what happened." The court was authorized to find that Mr. Pesso's silence, under the facts, meant that he understood and assented to the agreement. After he said he did not understand what Mr. Callaway, Mr. Poulos' attorney, was talking about, and after both attorneys explained the agreement to him, if he still did not understand, the court could find that he should have stated again his lack of understanding.

■ It was not error to overrule the ground of the motion for a new trial which assigned as error the refusal of the court to allow Mr. Pesso to state his understanding of the transactions at the time of their occurrence when said ground did not disclose what that understanding was or that it was known to the other party to the agreement.

The Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment of the trial court in denying a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*