### 32281. HALL *v.* BEAVERS.

Decided February 17, 1949.  Rehearing denied March 4, 1949.

*Claude N. Morris*, for plaintiff in error.

*Eugene Horne, R. L. LeSueur*, contra.

Sutton, C. J. (After stating the foregoing facts.) Hall, the plaintiff in error, alleged that the note sued on was made by him to Beavers, the defendant in error, for the sole purpose of obtaining the cancellation of a security deed which the defendant in error was already under a duty to cancel and deliver to him, but refused to do so until the plaintiff in error executed the note in question for a pretended debt which he did not owe.

The evidence shows that Hall had purchased a 50-acre tract of land, for which he agreed to pay $1500, that he paid $300 cash and gave three notes for $400 each, payable yearly, for the balance, and that he executed a security deed to this land, in favor of Mrs. L. B. Williams, to secure these notes; that he had all of these transactions with Beavers and paid all of the notes except the last one, and Beavers refused to accept payment for this one; that Hall and his father had been renting this land for several years before Hall bought it; that for the purpose of getting the transaction closed, Hall and his father invited Beavers to meet them in their lawyer's office, which he did; and that Beavers contended the Halls owed him $240 on two notes for back rent, which they denied. Hall testified further: "We argued and discussed the matter for some forty minutes, and Mr. Beavers finally suggested that I give him a note for $125 and that he would surrender his rent claim for $240. At first I refused and then my lawyer called me out of the room and told me that I ought to go ahead

and sign it because it would be better to fight over the $125 note than to fight over the rent notes and the land. After this my lawyer drew in his own handwriting the note sued upon and I signed and gave it to Mr. Beavers, and Mr. Beavers delivered to me the two rent notes which he claimed we owed and also the canceled security deed."

The evidence conclusively shows that the note sued on was given in settlement of the two disputed rent notes. "A compromise or mutual accord and satisfaction is binding on both parties." Code, § 20-1205. "Where a claim is disputed, and is settled and adjusted by the parties, and a contract is accordingly made whereby one promises to pay to the other a sum of money, the promisor is bound thereby, though such question be really free from doubt, and properly resolved would have absolved him from all liability. Moreover, in order to render valid the compromise of a claim, it is not essential that the matter should be really in doubt. It is sufficient if the parties consider it so far doubtful as to make it the subject of a compromise." *Folds* v. *Folds*, 187 *Ga.* 463, 466 (1 S. E. 2d, 4). For rulings to the same effect see *City Electric Ry. Co.* v. *Floyd County*, 115 *Ga.* 655, 657 (42 S. E. 45), *Glenn* v. *Zenovitch*, 128 *Ga.* 596 (3) (58 S. E. 26), *Preston* v. *Ham*, 156 *Ga.* 223 (119 S. E. 658), and *Prince Hall Masonic Bldg. Assn.* v. *Howard*, 36 *Ga. App.* 169 (136 S. E. 94). "A defendant must stand or fall upon his defense as laid [citing cases], and since the defendant by his evidence admitted that the note actually represented a disputed consideration, and thus failed to sustain his plea as made, setting up a want of consideration, he would not, in the absence of a sufficient plea of fraud, be able to vary by parol the terms of his unconditional promise by which the disputed claim had been liquidated." (Citing cases.) *Stewart* v. *Hardin*, 24 *Ga. App.* 611, 612 (2) (101 S. E. 716). The testimony of both Dennis Hall and his father shows that the $125 note sued on represents a disputed consideration. They testified that Beavers contended that they owed the two rent notes for $240, which they denied; that they argued and discussed the matter for some time, and Beavers finally suggested that Dennis Hall give him a note for $125, and that he would surrender the rent notes for $240; that Hall's lawyer then

drew in his own handwriting the note sued on, and H. Dennis Hall signed and delivered it to Beavers, and Beavers delivered the two rent notes to Hall and also canceled the security deed. So, the evidence for the defendant defeats his own contention that the note sued on was without consideration. No fraud was alleged or claimed by the defendant in connection with the note sued on. Code § 110-104 is as follows: "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Where a defendant admits a prima facie case in the plaintiff and assumes the burden of proving an affirmative defense, but fails to carry such burden, the court may properly direct a verdict for the plaintiff. Southern Ry. Co. v. Miller, 40 Ga. App. 448 (150 S. E. 100); Jenkins v. Lowrey, 24 Ga. App. 108 (100 S. E. 37); Jarrell v. Gillespie, 24 Ga. App. 805 (102 S. E. 370). The verdict in favor of the plaintiff in the present case was demanded, and the trial judge did not err in so directing. The case of Hall v. Morrison, 92 Ga. 311 (1) (18 S. E. 293), cited and relied upon by the plaintiff in error, is not applicable and controlling under the facts of this case.

Pursuant to the Act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code (Ann. Supp.) § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner, Parker, and Townsend, JJ., concur. Felton, J., dissents.

FELTON, J., dissenting. I recognize the principles of law cited by the majority as to the binding effect of a promise made in settlement of a disputed claim. However, there are other principles of law which might be found by a jury to be applicable here. One is that the issue must be contested by both parties in good faith. Here we have the second settlement of the same disputed claim. The first settlement is not denied by the plaintiff. Under the ruling in Hall v. Morrison, 92 Ga. 311 (18 S. E. 293), there was a question for the jury whether the rent notes were settled in the real-estate trade and whether the later claim on the

rent notes was made in good faith, or whether there was a mere pretended claim which had no basis in law or fact.