37236.   STATE HIGHWAY DEPARTMENT *v.*
ZIMMERMAN.

DECIDED JULY 16, 1958.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Maxwell A. Hines,* for plaintiff in error.

*John T. Ferguson,* contra.

QUILLIAN, Judge. Special ground 1 of the motion for new trial assigns as error the trial judge's failure to charge, even without request, Code (Ann.) § 95-1701a(b) which provides: "A local service road is any road or street, whether existing at the time of the designation of a limited-access highway or thereafter established, which serves the owner or occupant of any land or improvements abutting a limited-access highway and which gives a means of ingress to and egress from any such lands or improvements." Counsel contends that after the judge charged the jury "I charge you, Gentlemen of the jury, that a limited-access highway is a highway, road, or street for through traffic over, from, or to which owners or occupants of abutting land, or other person, have no right or easement or only a limited right or easement of access, light, air or view by reason of the fact that their property abuts upon such limited-access highway or for any other reason.

"I also charge you that a limited-access highway may be so designated as to regulate, restrict or prohibit access thereto so as to best serve the traffic for which such facility is intended.

"No person shall have any right of ingress or egress from or passage across any limited-access highway to or from abutting lands except at the designated points to which access may be permitted, and under such arrangements and conditions as may be specified from time to time", it was error for him to fail to instruct the jury as to the definition of a local-service road because the jury had been left with the impression that as a result of the construction of the limited-access highway the condemnee's right of ingress and egress to his remaining property would be

destroyed, and as a result of this erroneous impression the jury returned a larger sum for consequential damages than they would have had they been aware of the true facts.

There was uncontradicted testimony of a witness sworn by the condemnor that the condemnee's right of ingress and egress would not be destroyed by the construction of the limited-access highway, and the jury should not have been confused on this point. A thorough examination of the charge reveals that the trial judge covered the material issues in the case and if counsel desired further instructions he should have so requested. This principle is well stated by Judge Russell in *Wall* v. *Bashinski Bros.*, 8 *Ga. App.* 592, 593 (70 S. E. 25): "Inasmuch as we find upon examination of the charge of the court, as it appears in the record, that the trial judge fairly and impartially submitted in a general way all of the contentions of both parties, and it is admitted that no written request was preferred, we do not think the court was required to go into the details of either party's case to analyze the testimony, dissect the fragments, and point out to the jury the probable or rational effect of each single circumstance relied upon by either. In fact, such a practice would be reprehensible, rather than otherwise, and would very likely tend to make the instructions of the court argumentative." *Van Dyke* v. *Van Dyke*, 31 *Ga. App.* 67 (2) (119 S. E. 436); *Cooper* v. *Nisbet*, 119 *Ga.* 752 (3) (47 S. E. 173); *Bishop* v. *Georgia Nat. Bank*, 13 *Ga. App.* 38 (4) (78 S. E. 947).

Moreover, the desired charge as stated by the condemnor is incomplete because, had the judge charged Code (Ann.) § 95-1701a(b) in reference to local-service roads, he would have been required to go further and charge all the law on the subject (*Hinson* v. *Hooks*, 27 *Ga. App.* 430, 108 S. E. 822; *Brown* v. *Meikleham*, 34 *Ga. App.* 207, 128 S. E. 918), and instruct the jury that the condemnee's right to use the local service road was not a permanent vested right, but was a defeasible right in that under Code (Ann.) § 95-1706a the State Highway Department was clothed with the power and authority to alter or vacate the local-service road at its pleasure. Special ground 1 is without merit.

There was sufficient evidence to support the verdict, and the general grounds are without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*