## 47907. OLIVETTI LEASING CORPORATION v. METRO-PLASTICS, INC. et al.

EVANS, Judge. Olivetti Leasing Corporation sued Metro-Plastics, Inc. and Hollis C. Hayes, its president, for default of its obligations under a leasing contract of certain computer equipment. The defendant corporation is alleged to be now defunct, insolvent, and

unable to pay, and plaintiff seeks a judgment against defendant Hayes, as a guarantor, for the sums due under the leasing contract.

Defendants answered, by denying the material allegations of the complaint, and contend that they are not indebted; that the contract has been rescinded upon an accord and satisfaction, in that defendant Hayes paid a stated amount in settlement as agreed upon by plaintiff. Defendants also filed a counterclaim in which they allege that because of a total failure of consideration, they are entitled to recover of plaintiff all sums paid under the leasing contract.

The jury returned a verdict in favor of the "defendant" which was made the judgment of the court. Plaintiff appeals: *Held:*

1. The evidence is in conflict as to whether or not there had been any benefit derived from the equipment over and beyond the money already paid to plaintiff; and as to whether or not the final payment by defendants in a lump sum amounted to an agreement to rescind the contract as to the amounts remaining unpaid. From the defendant's testimony it could be found that the defendant corporation had derived approximately $400 in value from the use of the machine, and that defendants had paid that amount. With respect to rescission of the contract, defendant testified that for the payment of $602.55 the plaintiff verbally agreed to pick up the machine. Defendant then offered in evidence a letter he had received from plaintiff stating that plaintiff was re-activating the lease. The check for $602.55 was paid on September 30, 1970, and the above letter was dated December 9, 1970. Thus, evidence did not demand a verdict for plaintiff; but authorized a verdict for the defendant. See Code §§ 20-113, 20-310, 20-905, 20-1205. *Hall v. Beavers,* 78 Ga. App. 722 (1) (51 SE2d 879); *Pesso v. Poulos,* 74 Ga. App. 288 (1) (39 SE2d 702); *Dowling v. Southwell,* 95 Ga. App. 29 (96 SE2d

903); *Hennessy v. Woodruff,* 210 Ga. 742, 744 (82 SE2d 859).

2. The court charged the substance of Code § 20-310 as to total and partial consideration. There was no written request to charge thereon. Under the evidence and the pleadings, the charge as given was satisfactory, and there is no merit in the complaint that the court failed to charge properly on partial failure of consideration. *Cooper v. Nisbet,* 119 Ga. 752 (47 SE 173); *State Hwy. Dept. v. Zimmerman,* 98 Ga. App. 24, 26 (104 SE2d 702). *Judgment affirmed. Hall, P. J., and Clark, J., concur.*
ARGUED FEBRUARY 7, 1973 — DECIDED MARCH 5, 1973.

*Cotton, Katz & White, J. Christopher Simpson, Richard A. Katz,* for appellant.
*E. L. Owens,* for appellees.